UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AHMED SIDDIQ OSMAN, )
)
       Plaintiff, )
)
           v. ) Civil Action No. 06-00191 (HHK)
)
RANDALL TOBIAS, )
Administrator, United States )
Agency for International )
Development, )
)
       Defendant. )
_____ )

## ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant, Randall Tobias, Administrator of the Agency for International Development, by his undersigned attorneys, hereby responds to the numbered paragraphs of the first amended complaint as follows:

Paragraph (¶) 1. Admitted.

¶ 2. The allegations in this paragraph are plaintiff's characterization of his complaint, as to which no response is required.

¶ 3. Admitted.

¶ 4. This paragraph contains a conclusion of law to which no response is required. The paragraph also contains allegations that constitute Plaintiff's characterization of this action, also as to which no response is required. To the extent that a response is required, Defendant admits only that Plaintiff consulted with EEO Counselor, Mr. Russell Backus and that Plaintiff filed a formal complaint of discrimination in February 2001.

¶¶ 5 to 12. These paragraphs are plaintiff's characterization of the events that occurred in

1

the course of the proceedings before the EEOC. To the extent that the course of the proceedings before the EEOC may be deemed relevant to the resolution of this case, defendant respectfully refers the Court to the administrative record of those proceedings and denies any characterizations inconsistent therewith.

¶ 13. The allegations contained in this paragraph are Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff was not selected to fill the two personnel services contracts listed in this paragraph. Defendant denies that plaintiff's non-selection was because of discrimination in violation of Title VII of the Civil Rights Act of 1964 or because of discrimination in violation of the Age Discrimination in Employment Act.

¶ 14. The first three sentences of this paragraph are admitted. The fourth sentence is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the fifth sentence.

¶ 15. Each subpart of this paragraph is addressed below:

    a). Denied.

    b). Denied, except that it is admitted that only Mr. Maly and Ms. Maher were involved in the selection process for the Program Officer for the Sudan contract and that Ms. Poole-Galdas was selected to fill the contract.

    c). Denied.

    d). It is admitted only that Mr. Maly was involved in the selection process for the Program Officer for Sudan contract and that the telecopy coversheet to which the Plaintiff refers can be found in the record and speaks for itself. The Court is respectfully referred to these documents, which are the best evidence of their contents. The

remaining allegations contained in this subparagraph are denied.

e). It is admitted only that Mr. Backus was the EEO Counselor and that Mr. Faison was the EEO Investigator for this issue. The remaining allegations contained in this subparagraph are denied.

f). It is admitted only that Mr. Gottlieb's affidavit can be found in the record, and the Court is respectfully referred to it as the best evidence of its contents. The remaining allegations contained in this subparagraph are denied.

g). It is admitted only that Ms. Halmrast-Sanchez's affidavit and the document from Mr. Dohne can be found in the record, and the Court is respectfully referred to them as the best evidence of their contents. The remainder of this paragraph is denied.

h). Denied.

¶ 16. Each subpart of this paragraph is addressed below:

a). It is admitted that Plaintiff is over forty years old and was classified in the "A Category" for the conflict analyst contract. The remaining allegations in this subparagraph are denied.

b). Denied.

c). It is admitted that Ms. Dei's email can be found in the record, and the Court is respectfully referred to it as the best evidence of its contents. The remainder of this subparagraph is denied.

d). Denied.

¶ 17. It is denied that defendant discriminated against plaintiff in the listed positions, and it is stated that the issue of discrimination in the selections for these positions is not properly before the Court.

¶¶ 18 to 21. It is admitted that plaintiff is an American citizen of Sudanese national origin. The remainder of these paragraphs are plaintiff's characterization of his work experiences, as to which defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

¶ 22. Admitted.

¶ 23. The first sentence is admitted. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence.

¶ 24. Denied, except that it is admitted that defendant filed a formal complaint of discrimination on February 7, 2001.

¶¶ 25 to 28. These paragraphs are plaintiff's characterization of the report of the EEO counselor. The Court is respectfully referred to that report, which is the best evidence of its contents. Defendant denies that the report is properly deemed "findings of fact," or may properly be admitted as substantive evidence in this case.

¶ 29. Denied.

¶ 30. This paragraph quotes the deposition of Greg Gottlieb, and the Court is respectfully referred to the deposition, which is the best evidence of its contents.

¶ 31. Plaintiff's characterization of the events set forth in this paragraph is denied. In any event, the report of investigation is the best evidence of its contents. Defendant denies that the report may properly be admitted as substantive evidence in this case.

¶ 32. Denied.

¶ 33. This paragraph quotes interrogatory answers that are part of the record of the administrative processing of plaintiff's complaint; the Court is respectfully referred to these interrogatory answers, which are the best evidence of their contents.

¶ 34. This paragraph contains plaintiff's characterization of certain events, and defendant denies plaintiff's characterization.

¶ 35. This paragraph contains plaintiff's characterization of certain events, and defendant denies plaintiff's characterization. This paragraph also refers to the deposition of Greg Gottlieb, and the Court is respectfully referred to that document, which is the best evidence of its contents.

¶ 36. This paragraph is Plaintiff's jury demand. It is denied that Plaintiff is entitled to a jury trial on the allegation of discrimination based on age.

¶ 37. This paragraph is a statement of the relief that Plaintiff seeks, and Defendant denies that plaintiff is entitled to any relief, and states that any award of compensatory damages would be subject to, and limited by, 42 U.S.C. § 1981a.

All allegations not expressly admitted or denied are denied.

WHEREFORE, Defendant requests this Court to deny the Plaintiff all relief requested, dismiss the complaint with prejudice, grant Defendant such other relief as the Court deems appropriate, and award Defendant the costs of this action.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W. Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

I certify that on this 28th day of August, 2006, a copy of the foregoing answer was served on plaintiff by first-class mail, postage prepaid, to the following address:

>Ahmed Siddiq Osman, Ph.D.
>12807 Bluet Lane
>Silver Spring, Maryland 20905

/s/ *Fred E. Haynes*
FRED E. HAYNES, D.C. BAR #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201