```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

AHMED SIDDIG OSMAN,              )
                                 )
              Plaintiff,         )
                                 )
         v.                      )Civil Act. No. 06-00191 HHK
                                 )
RANDAL TOBIAS,                   )
Administrator, United States     )
Agency for International         )
Development,                     )
                                 )
              Defendant.         )
                                 )
```

PARTIES' REPORT TO THE COURT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, the parties submit the following report and discovery plan:

1. Likelihood Of Resolution By Dispositive Motion. A motion to dismiss was not filed by defendant. It is unclear at this time whether the case can be resolved by a summary judgment motion.

2. Amendment Of Pleadings/Addition of Parties. At this time, the parties do not anticipate amending the pleadings or adding other parties. As to the factual and legal issues in the case, the parties hope that they will be able to narrow or agree upon some of the factual and legal issues in the case.

3. Assignment To Magistrate Judge. The parties do not request that the case be assigned to a magistrate judge for all purposes.

4. Possibility Of Settlement. It is unclear at this time whether the case can be settled.

5.  <u>Alternative Dispute Resolution</u>.  The parties have discussed the possibility of alternative dispute resolution and are agreeable to having this case referred to mediation after the close of discovery.

6.  <u>Dispositive Motions</u>.  At this time it is unclear whether this case will be appropriate for disposition by summary judgment.  The parties agree that such motions, if filed, should be filed thirty days after the close of discovery.

7.  <u>Initial Disclosures</u>.  The parties agree that initial disclosures will be made within thirty days after the initial status hearing, which is currently set for April 6, 2007.

8.  <u>Discovery</u>.  This case relates to selections that were made by defendant in 2000.  In the course of the administrative process, discovery was conducted.  It is plaintiff's position, however, that the discovery was not completed.  Consequently, plaintiff intends to depose some of defendant's employees and some of the employees of one of defendant's contractors.  Plaintiff also intends to submit interrogatories, requests for admissions, and requests for the production of documents.  Defendant will be taking at least the deposition of plaintiff.

The parties propose that the discovery period close on February 27, 2008.  This extended time period is necessary because plaintiff has an upcoming engagement to teach government linguists in Georgia for four months, and plaintiff will also need to be in

the Sudan for two months to complete work on a water project. The parties agree that no limitations should at this time be placed on the discovery process other than the limitations set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

Plaintiff believes that the information provided by defendant in the EEO report of the investigation and the supplement to that investigation, together with information provided by defendant in the discovery conducted in the EEO process, should be made a part of the record in this case. At this stage of the case, defendant does not agree to this proposal, since the admissibility of evidence must be determined in accordance with the Federal Rules of Evidence. Plaintiff also believes that he should be entitled to visit the offices of GlobalCorps, a contractor employed by defendant to be in charge of gathering the recruitment information for the two positions at issue the complaint. Defendant believes that plaintiff's right to visit the offices of GlobalCorps is governed by the discovery rules in the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

<u>Defendant's statement concerning electronically-stored material:</u>

The following information is provided by defendant as to electronically-stored material in defendant's possession. At all times since the events at issue in this case occurred, the agency

has used the Microsoft Windows system.  Agency e-mail is stored in the user's mailbox upon receipt.  The user may then delete the e-mail, save the e-mail, or archive the e-mail in an archive file outside of the user's mailbox.  User mailboxes are backed up nightly to tape to support restoration requests from users for specific e-mails. The backup tapes in the District of Columbia are stored for two years and then overwritten.  In overseas posts, the local staff may retain backup tapes for longer or shorter time periods that vary by mission.  No easy or automated mechanism exists to search or recover multiple mailboxes stored on tapes over time.  A user can archive selected e-mail to an archive file at any time and is sometimes forced to do so when the user's mailbox reaches the limit of the user's allotted space.  The user can store these files on either the local workstation or the network drive.  The agency does not back-up files on user workstations, so the agency asks all users to store important files on the network drives, when possible.  The agency backs-up the contents of the network drives in a manner similar to the email.  The agency engineered the backup capability to support the restoration of files for a single user. No easy or automated mechanism exists to search or recover files stored on tape over a time period.

   The agency has undergone two major technology refreshes on workstations since 2000.  The first occurred in 2003 when the agency moved from Microsoft Windows 95 to Microsoft Windows 2000.

The second occurred in late 2006-early 2007 when the agency moved from Windows 2000 to Windows XP. The upgrades were part of technology refreshes for the agency and included both new hardware as well as new operating systems.

The agency does not have backup tapes that cover the 2000-2001 time period. Further, as noted above, the agency has undergone two major technology upgrades since 2003 during each which the hard drives of all users were swapped out with new equipment. In the unlikely event that the individuals involved may have managed to keep archived e-mail files since 2000-2001, making forensic copies of the hard drives of interest and then searching those drives for keywords is expensive, time consuming, and requires contractor expertise to perform. All of the individuals who were involved in the selections at issue in this case in 2000-2001 and who continue to be employed by the agency have been asked to retain any electronically-stored material relevant to the case and to produce this material to the agency's counsel on the case. Finally, it should be noted that the electronically-stored material that has been found is sufficiently small in computer terms to make its presentation to plaintiff in hard copy a realistic alternative to its production in its native format.

Plaintiff's statement concerning electronically-stored media:

Plaintiff believes that defendant has not adequately responded to the need to provide electronically-stored media relevant to the case for discovery purposes as required.

Duty to Preserve:  The defendant had a preservation obligation as early as 2000 when the plaintiff warned it of litigation and filed his complaint with EEO, followed by EEO investigation in 2001 and adjudication by EEOC administrative process until 2006 leading to the present litigation. This case was not dormant during that period, 2000-2006, counseling and discovery were strongly resisted from the start and depositions were terminated by Agency counsel under the administrative process. Hence, Agency would have reasonably anticipated from that litigation would continue and should have suspended its routine retention/ destruction policy and put in place a "litigation hold", to ensure the preservation of relevant documents at its office in Washington D.C., its overseas posts (Nairobi/Khartoum) and the office of its recruitment subcontractor, GlobalCorps, in Washington D.C.

Defendant should have anticipated the preservation of the relevant documents in an easily accessible form prior to deleting them or storing them on back-up tapes that it now argues are very expensive and time-consuming to restore. The fact that defendant chose a more expensive back-up medium provides no justification not to produce discoverable documents to plaintiff. Defendant knew the "key players" in this litigation and where their documents were

stored. Since the defendant can identify where particular employee documents are stored overseas and locally on backup tapes, then the tapes storing the documents of the "key players" to this litigation should be preserved and made disco-verable if the information contained on those tapes is not otherwise available. Defendant needs also identify other sources one can search for the inaccessible information in the backup tapes.

From Defendant's statement it seems that the Agency made no effort to search for discoverable material in the two overseas posts (Nairobi and Khartoum) where some of the employees (Mr. Gregory Gottlieb, Mr. Ted Maly, and Ms. Jacquelyn Poole) were stationed during the period of interest to the litigation. The computers used by these employees can yield much relevant disco-verable information knowing that these three individuals were the "key players" as it relates to the position of Program Officer for Sudan.

It is not sufficient to notify all employees of a litigation hold and expect that the party will then retain and produce all relevant information. Defendant counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched. It is proposed that:

> First, Defendant counsel must issue, if not already done, a "litigation hold" to management and employee of the Agency and

GlobalCorps. The litigation hold should be periodically re-issued so that new employees are aware of it, and so that it is fresh in the minds of all those involved.

Second, Defendant counsel should communicate directly with the "key players" in the litigation, at the Agency and GlobalCorps, i.e., the people identified by the defendant and plaintiff in their initial disclosures and any subsequent supplementation thereto.

Three, Defendant counsel should instruct all "active players" in the case to produce electronic copies of their relevant files for the period 2000-2005 which should be identified and stored in a safe place.

Fourth, Defendant counsel will take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched at the Agency's offices locally and overseas, Nairobi/Khartoum and at GlobalCorps office and provide plaintiff with:

    i. All Documents relating to the solicitation and selection for the

                position of Program Officer for Sudan, in June 2000.

        ii.  All Documents relating to the solicitation and selection for the position of Conflict Analyst, in June 2000.

        iii. All Documents relating to correspondence to and from any person, within or outside the Agency, locally or from overseas, concerning recruitment and selection for the above two positions.

Format of Information:

To preserve the original format of the information plaintiff would like to request that all information provided be in native form.

    9.  <u>Exchange Of Expert Witness Reports</u>.  There should be no need for changes in the procedures relating to expert witness reports and information.  The parties believe that it would be premature at this time to make decisions relating to expert witness depositions.

    10. <u>Class Actions</u>.  Not applicable.

    11. <u>Bifurcation</u>.  Trial and discovery do not need to be bifurcated.

12. <u>Date For Pretrial Conference</u>.  Assuming that the case is not resolved by mediation or summary judgment, the parties propose that the pretrial conference be held forty-five days after the close of discovery or after the resolution of the summary judgment motions, if any, whichever is latest.

13. <u>Trial Date</u>.  The parties believe that the date for the trial should be set at the pretrial conference.

                                Respectfully subitted,

                                JEFFREY A. TAYLOR, DC Bar#498610
                                United States Attorney

                                RUDOLPH CONTRERAS, DC Bar #434122
                                Assistant United States Attorney
                                        /s/
                                FRED E. HAYNES, DC Bar #165654
                                Assistant United States Attorney
                                555 4th Street, N.W., Room E-4110
                                Washington, D.C. 20530
                                (202) 514-7201

                                Attorneys for Defendant

                                signed by authorization
                                AHMED SIDDIG OSMAN
                                12807 Bluet Lane
                                Silver Spring, Maryland 20906
                                (301) 933-4402

                                Plaintiff

> This draft order is proposed by defendant; Plaintiff prefers that order be developed at initial status.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED SIDDIG OSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Act. No. 06-00191 HHK |
| | ) |
| RANDAL TOBIAS, | ) |
| Administrator, United States | ) |
| Agency for International | ) |
| Development, | ) |
| | ) |
| Defendant. | ) |

SCHEDULING ORDER

UPON CONSIDERATION of the joint report submitted by the parties under LCvR 16.3, it is this _____ day of _____, 2007, ORDERED:

1. The initial disclosures will be made within thirty days of initial status conference in this case.

2. Discovery will be concluded by February 27, 2008.

3. The case will be referred to mediation after the close of discovery, if the parties believe that such mediation would be helpful in resolving the case.

4. Summary judgment motions, if any, will be filed no later than March 31, 2008.

5. The pretrial conference will be held forty-five days after the close of discovery or after the resolution of the summary

judgment motions, whichever is later.

                UNITED STATES DISTRICT JUDGE

Copies to the parties