# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Ahmed Siddig Osman, | ) | |
|                Plaintiff, | ) | |
|  | ) | |
|          v. | ) | |
| FREDERICK W. SCHIEK, | ) | Civil Action No. 06-00191 HHK |
| Administrator, United States | ) | |
| Agency for International | ) | |
| Development, (USAID), | ) | |
|                Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

This is an action in which Plaintiff alleges that Defendant discriminated against him in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. Documents that Defendant intends to produce to Plaintiff are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or may otherwise be subject to confidential treatment. In order to permit Plaintiff to discover

information relevant to this case without undermining confidentiality concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby

ORDERED:

1.  Counsel for Defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to the pro se Plaintiff or his counsel information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2. <u>Designation of Material as Protected</u>

Counsel for Defendant and the pro se Plaintiff may initially designate as "Protected" hereunder any material exchanged in this case if Counsel for Defendant or the pro se Plaintiff deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy. Either Party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy.pdf], for typical examples of material deserving "protected" designation.

3. <u>Designation under this Order Requires</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or written communications that qualify – so that

other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. In designating material as protected, the party so designating it shall identify the protected material with specificity in writing. For information in documentary if only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s).

4. <u>Objections to Designation of Material as Protected</u>

Either Party may, at any time, object to the designation of material as protected. In the event of any such objection, the Designating Party agrees to confer with Counsel for the Objecting Party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the Objecting Party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

5. <u>Access and Use of Protected Material</u>

Protected Material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a) Protected Material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than:

(i) Plaintiff and Counsel for Plaintiff, such counsel's firm and its employees, witnesses offered either by the Plaintiff and/or the Defendant, and outside consultants and experts retained to assist Plaintiff in this litigation;

(ii) the person to whose privacy interests the Privacy Act restrictions are meant to protect with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file);

(iii) Counsel for the Defendant and other employees of the United States government who have a need to review the Protected Material for the defense of this case, or outside consultants or experts retained by the Defendant, specifically for purposes of this litigation;

(iv) The Court and its personnel, and

(v) Court reporters and their staff and professional vendors to whom disclosures is reasonably necessary for this litigation and who are ready to be bound by the Protective Order.

(b) It shall be the responsibility of Counsel for Defendant and the pro se Plaintiff to bring this Order to the attention of all persons who are assisting them in this litigation and to whom they disclose Protected Material, and to insure that all such persons comply with the terms of this Order.

(c) The filing of materials designated under this Order shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(d) All copies made of any material that is subject to this Order shall be clearly labeled as containing Protected Material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing Protected Material and any work product materials containing Protected Material may be retained if such documents shall be kept in the

possession of Defendant, and shall not in the future be disclosed contrary to the provisions of this Order.

(e) The parties shall endeavor to avoid revealing Protected Material in any oral proceedings before the Court, including oral argument. If any party finds it necessary to refer to Protected Material in any such oral proceeding, the party shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

6. <u>Breach of Provisions of this Order</u>

Counsel shall promptly report any breach of the provisions of this order to the Court. Upon discovery of any breach, Counsel for Defendant and the pro se Plaintiff shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this Order. Counsel for Defendant and the pro se Plaintiff shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

7. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

8. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the

admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding Plaintiff or Defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

9.  Nothing contained herein shall restrict the government's use of its records for official business or for purposes consistent with other applicable laws and regulations as they pertain to this litigation.

10. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from the Designating Party or by an Order of the Court.

11. After the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

12. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

13. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

14. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order

Respectfully submitted,

Signed by authorization
AHMED SIDDIG OSMAN, Plaintiff pro se

JEFFREY A. TAYLOR, DC Bar#498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201
Counsel for defendant

It is so ORDERED by the Court this _____ day of _____, 2008.

_____
                    United States District Judge